| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter **11**

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| **1.** | **Debtor's name** | **C&G Venture Concepts, Inc.** |
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-5649943** |

| | | | |
| --- | --- | --- | --- |
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1031 W. Madison St.** <br> **Chicago, IL 60607** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Cook** <br> County | **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| **5.** | **Debtor's website** (URL) | _____ |

| | | |
| --- | --- | --- |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | **C&G Venture Concepts, Inc.** | | Case number (*if known*) | |
| | Name | | | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **C&G Venture Concepts, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | _____ | Relationship | _____ |
|---|---|---|---|
| District | _____ When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**     *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor   **C&G Venture Concepts, Inc.**
Name

Case number (*if known*)

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **C&G Venture Concepts, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 18, 2024**
MM / DD / YYYY

**X** /s/ Charles Graff                    **Charles Graff**
Signature of authorized representative of debtor    Printed name

Title    **President**

---

**18. Signature of attorney**

**X** /s/ Richard G. Larsen                    Date **October 18, 2024**
Signature of attorney for debtor    MM / DD / YYYY

**Richard G. Larsen**
Printed name

**SpringerLarsen, LLC**
Firm name

**300 S. County Farm Road**
**Suite G**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone    **630-510-0000**    Email address    **rlarsen@springerbrown.com**

**6193054 IL**
Bar number and State

---

Fill in this information to identify your case:

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter ___11___

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on   October 17, 2024
_____
MM / DD / YYYY

X  *Charles Graff*                                    Charles Graff
Signature of authorized representative of debtor          Printed name

Title   **President**

18. Signature of attorney

X  _____                    Date  October 17, 2024
Signature of attorney for debtor                          MM / DD / YYYY

Richard G. Larsen
Printed name

SpringerLarsen, LLC
Firm name

300 S. County Farm Road
Suite G
Wheaton, IL 60187
Number, Street, City, State & ZIP Code

Contact phone   630-510-0000          Email address   rlarsen@springerbrown.com

6193054 IL
Bar number and State

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
</table>

Debtor name  **C&G Venture Concepts, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  ___10/17/2024___        x *Charles Graff* _____
                                      Signature of individual signing on behalf of debtor

                                      **Charles Graff**
                                      Printed name

                                      **President**
                                      Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

# United States Bankruptcy Court
### Northern District of Illinois

In re   C&G Venture Concepts, Inc.

Debtor(s)

Case No. _____

Chapter   11

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ 17

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   October 17, 2024

*Charles Graff*

**Charles Graff/President**
Signer/Title

**United States Bankruptcy Court**
**Northern District of Illinois**

In re   C&G Venture Concepts, Inc.

Debtor(s)

Case No.

Chapter   11

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, Charles Graff, declare under penalty of perjury that I am the President of C&G Venture Concepts, Inc., and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the 17 day of 10, 2024.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Charles Graff, President of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Charles Graff, President of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that Charles Graff, President of this Corporation is authorized and directed to employ Richard G. Larsen, attorney and the law firm of SpringerLarsen, LLC to represent the corporation in such bankruptcy case."

Date   October 17, 2024

Signed   *Charles Graff*
Charles Graff

Resolution of Board of Directors
of
C&G Venture Concepts, Inc.

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code:

Be It Therefore Resolved, that **Charles Graff, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **Charles Graff, President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **Charles Graff, President** of this Corporation is authorized and directed to employ **Richard G. Larsen**, attorney and the law firm of **SpringerLarsen, LLC** to represent the corporation in such bankruptcy case.

Date  October 17, 2024                          Signed _____*Charles Graff*_____

Date  October 17, 2024                          Signed _____

**Fill in this information to identify the case:**

Debtor name    **C&G Venture Concepts, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
     amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 18, 2024**     X **/s/ Charles Graff**
                                       Signature of individual signing on behalf of debtor

                                     **Charles Graff**
                                     Printed name

                                     **President**
                                     Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **C&G Venture Concepts, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Anderson Pest Solutions 2818 Centre Cir Downers Grove, IL 60515** | | **Business Debt** | | | | $731.43 |
| **Charles and Monica Graff 5984 Bighorn Parkway #132 Salt Lake City, UT 84130** | | **Promissory Note-personal loan to company** | | | | $37,900.00 |
| **Charles Graff 5984 Bighorn Parkway #132 Salt Lake City, UT 84130** | | **Promissory Note-personal loan to company** | | | | $80,000.00 |
| **SCP Merchandising, LLC 1020 Olmpic Drive Batavia, IL 60510** | | **Business Debt** | | | | $29,711.36 |
| **U.S. Small Business Administration 2 North 20th Street Suite 320 Birmingham, AL 35203** | | **Misc equipment** | | $774,747.32 | $0.00 | $774,747.32 |
| **Wintrust Bank 231 S. LaSalle Chicago, IL 60603** | | **Misc workout equipment** | | $781,571.93 | $0.00 | $781,571.93 |

| Fill in this information to identify the case: |
|---|
| Debtor name **C&G Venture Concepts, Inc.** |
| United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) |

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property            12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  |  | Column A<br>**Amount of claim**<br><br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **U.S. Small Business Administration** <br> Creditor's Name <br><br> **2 North 20th Street** <br> **Suite 320** <br> **Birmingham, AL 35203** <br> Creditor's mailing address | Describe debtor's property that is subject to a lien <br> **Misc equipment** | $774,747.32 | $0.00 |

Creditor's email address, if known

**Date debt was incurred**
**5/2/2020**

**Last 4 digits of account number**
**7801**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

Describe the lien
**Blanket Lien on all Debtor Assets**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

| **2.2** **Wintrust Bank** <br> Creditor's Name <br><br> **231 S. LaSalle** <br> **Chicago, IL 60603** <br> Creditor's mailing address | Describe debtor's property that is subject to a lien <br> **Misc workout equipment** | $781,571.93 | $0.00 |

Creditor's email address, if known

**Date debt was incurred**
**8/10/2018**

**Last 4 digits of account number**
**7007**

**Do multiple creditors have an interest in the same property?**

Describe the lien
**Blanket Lien on all Debtor Assets**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

Debtor    **C&G Venture Concepts, Inc.**                                          Case number (if known)  _____
_____
Name

■ No

☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   | **$1,556,319.25** |

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Andrew H. Eres**<br>**Dickinson Wright PLLC/Wintrust BK**<br>**55 West Monroe, Suite 1200**<br>**Chicago, IL 60603** | Line  **2.2** | **2190** |
| **U.S. Small Business Administration**<br>**2 North 20th Street**<br>**Suite 320**<br>**Birmingham, AL 35203** | Line  **2.2** | **7007** |

**Fill in this information to identify the case:**

Debtor name    **C&G Venture Concepts, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

**Anderson Pest Solutions**
**2818 Centre Cir**
**Downers Grove, IL 60515**

Date(s) debt was incurred _____

Last 4 digits of account number  **6706**

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No  ☐ Yes

$731.43

---

**3.2** Nonpriority creditor's name and mailing address

**Charles and Monica Graff**
**5984 Bighorn Parkway #132**
**Salt Lake City, UT 84130**

Date(s) debt was incurred  **5/8/2023, 3/6/2023, 11/1/2023, 12/16/2023**

Last 4 digits of account number _____

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Promissory Note-personal loan to company**

Is the claim subject to offset? ■ No  ☐ Yes

$37,900.00

---

**3.3** Nonpriority creditor's name and mailing address

**Charles Graff**
**5984 Bighorn Parkway #132**
**Salt Lake City, UT 84130**

Date(s) debt was incurred  **12/29/2022**

Last 4 digits of account number _____

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Promissory Note-personal loan to company**

Is the claim subject to offset? ■ No  ☐ Yes

$80,000.00

---

**3.4** Nonpriority creditor's name and mailing address

**SCP Merchandising, LLC**
**1020 Olmpic Drive**
**Batavia, IL 60510**

Date(s) debt was incurred _____

Last 4 digits of account number _____

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No  ☐ Yes

$29,711.36

---

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

Debtor  **C&G Venture Concepts, Inc.**                              Case number (if known) _____
_____
Name

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Associated Bank**<br>**Receivables Control Corp.**<br>**7373 Kirkwood Court**<br>**Osseo, MN 55369** | Line **3.4**<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **Biehl & Biehl, Inc.**<br>**PO Box 87410**<br>**Carol Stream, IL 60188-7410** | Line **3.4**<br><br>☐ Not listed. Explain ____ | _ |
| 4.3 | **GB Collects, LLC**<br>**1253 Haddonfield Berlin Rd.**<br>**Voorhees, NJ 08043-4847** | Line **3.1**<br><br>☐ Not listed. Explain ____ | _ |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. | + $ | 148,342.79 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 148,342.79 |

**Fill in this information to identify the case:**

Debtor name    **C&G Venture Concepts, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest   **1031 W. Madison Street, Chicago, Illinois 60607** | |
| State the term remaining   **47 months** | **Holden Madison, LLC** |
| List the contract number of any government contract   _____ | **7 Penn Plaza-Suuite 1100 New York, NY 10001** |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **C&G Venture Concepts, Inc.** _____   Case No. _____

_____ Debtor(s)   Chapter   **11** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **0.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **0.00** |

2.  $ **1,738.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor      ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor      ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 18, 2024** _____       **/s/ Richard G. Larsen**
_Date_                                                **Richard G. Larsen**
                                                      _Signature of Attorney_
                                                      **SpringerLarsen, LLC**
                                                      **300 S. County Farm Road**
                                                      **Suite G**
                                                      **Wheaton, IL 60187**
                                                      **630-510-0000  Fax: 630-510-0004**
                                                      **rlarsen@springerbrown.com**
                                                      _Name of law firm_

---

RETAINER AGREEMENT

THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN:

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road
Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

(hereinafter referred to as "Attorney," and;

CTF Chicago, Inc.
C&G Venture Concepts, Inc.
Crosstown Fitness-1027 W Madison, LLC
Crosstown Fitness 2, LLC
Crosstown Fitness 3, LLC
L&C Venture Concept, LLC
C&G Venture Holdings, LLC

(hereinafter referred to as "Clients")

Collectively, Attorney and Clients are hereinafter referred to as the "Parties."

WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, Clients require legal services related to its financial affairs that may include the filing of a bankruptcy petition; and

WHEREAS, Clients desire to retain Attorney to represent them with respect to their bankruptcy matters, including filing of a Chapter 11 Petition, to represent Clients in regard to the pending collection efforts of various creditors, and to provide such services as an independent contractor, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement;

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

1. Appointment.

1

Clients hereby appoint Attorney as counsel and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

## 2. Engagement

Attorney hereby accepts said Retainer Agreement and agrees to represent Clients upon the terms and conditions of this Agreement.

## 3. Authority and Description of Services

During the term of this Agreement Attorney shall provide such professional services and advice in connection with such matters as are specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

## 4. Term of Agreement

This Agreement shall become effective upon execution hereof and shall continue thereafter and remain in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

## 5. Advance payment retainer

   a. Attorney shall not be obligated to provide the services described herein until an advance payment retainer in the amount of $15,000.00 for attorney fees and $12,166.00 for the court filing fees is received.
   b. The retainer to be paid under this Agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis Attorney will render bills to Client showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this Agreement any surplus of the retainer remaining will be refunded to Client.
   c. Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the Attorney-Client relationship, the amount of the security retainer remaining in the trust account will be refunded to the client.

2

d. Client has the option to decline to pay an advanced payment retainer and insist upon the use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

## 6. Duties of Client

The duties of Client are as follows:

a. Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b. Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c. Client shall make himself available for a deposition or examination in the case, if requested.

d. Client shall assist in any negotiations for settlement of the case.

e. Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete and not misleading, in all respects.

f. Client shall keep himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g. Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

## 7. Compensation, billing and payment

*Charles Graff* 5/9/2024

Attorney shall be compensated for services hereunder at the rate of $465.00 per hour for services to Client. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs and expenses advanced on behalf of Client. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount shall be charged against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at the rate of eighteen (18%) percent per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

3

## 8. Termination of Agreement

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this Agreement, Attorney shall have the right to suspend any further performance under this Agreement until such time as payment is made or, upon notice to Client, terminate this Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

## 9. Notices

Notice hereunder may be written or oral and if written, shall be addressed to the party at the address shown above or at such other address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three (3) days after mailing.

## 10. Default

In the event Client fails to pay any amount due to Attorney hereunder, Attorney shall be entitled in any action brought to enforce this Agreement to recover all costs and expenses incurred, including reasonable attorney fees.

## 11. Return of Records

Upon termination of this Agreement, Attorney shall deliver all records, notes, data, and memorandum of any nature that are in the control of Attorney that are the property of or relate to the case, except that Attorney may retain copies of anything delivered.

## 12. Disclaimer By Attorney

Attorney makes no representation to Client or others with respect to the results to be achieved in the case.

## 13. Ownership of materials

All right, title and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement shall be and remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client shall be entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive right to use all such materials.

4

14. Miscellaneous.

    a.  Time is hereby expressly made of the essence of this Agreement with respect to the performance by the parties of their respective obligations hereunder.

    b.  This Agreement contains the entire agreement of the parties. It is declared by the Parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

    c.  This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the Parties and that said modifications or amendments are made only by an instrument in writing signed by the Parties or an oral agreement to the extent that the parties carry it out.

    d.  The failure of either party, at any time, to require any such performance by any other party shall not be constructed as a waiver of such right to require such performance and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

    e.  THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR VENUE IN SUCH COURT.

    f.  If any provision of this Agreement shall be held to be contrary to law, void, invalid or unenforceable for any reason, such provision shall be deemed severed from this Agreement and the remaining provisions of this Agreement shall continue to be valid and enforceable. If a Court finds that any provision of this Agreement is contrary to law, void, invalid or unenforceable and that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited.

    g.  This Agreement may be executed in counterparts, notwithstanding the date or dates upon which this Agreement is executed and delivered by any of the parties, and shall be deemed to be an original and all of which shall constitute one agreement effective as of the reference date first written below. An executed faxed copy of this Agreement shall be construed by all parties hereto as an original version of the Agreement.

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in execution of this Agreement on May _8_, 2024.

CTF Chicago, Inc.

_Charles Graff_
By: Charles Graff
Its President and Sole Shareholder

C&G Venture Concepts, Inc.

_Charles Graff_
By: Charles Graff
Its President and Sole Shareholder

Crosstown Fitness-1027 Madison, LLC

_Charles Graff_
By: Charles Graff
Its Manager and Sole Member

Crosstown Fitness 2, LLC

_Charles Graff_
By: Charles Graff
Its Manager and Sole Member

Crosstown Fitness 3, LLC

_Charles Graff_
By: Charles Graff
Its Manager and Sole Member

6

L&C Venture Concepts, LLC

*Charles Graff*

By : Charles Graff
Its Manager and Sole Member


C&G Venture Holdings, LLC

*Charles Graff*

By: Charles Graff
Its Manager and Sole Member

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

7

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   CTF Chicago, Inc. _____

_____  Case No. _____
Debtor(s)                          Chapter   11 _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
     compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
     be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept _____  $   Hourly rate $465.00

     Prior to the filing of this statement I have received _____  $

     Balance Due _____  $   15,000.00

                                                                      To be determined based upon hourly charges

2.   $   1,738.00   of the filing fee has been paid.

3.   The source of the compensation paid to me was:

     ☒ Debtor        ☐ Other (specify):

4.   The source of compensation to be paid to me is:

     ☒ Debtor        ☐ Other (specify):

5.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

_10/17/24_____          _____
Date                                       Richard G. Larsen
                                           Signature of Attorney
                                           SpringerLarsen, LLC
                                           300 S. County Farm Road
                                           Suite G
                                           Wheaton, IL 60187
                                           630-510-0000  Fax: 630-510-0004
                                           rlarsen@springerbrown.com
                                           Name of law firm

# United States Bankruptcy Court
## Northern District of Illinois

In re   **C&G Venture Concepts, Inc.** _____        Case No. _____
                                    Debtor(s)        Chapter   **11** _____

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   _____ **17**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **October 18, 2024** _____        **/s/ Charles Graff** _____
                                                  **Charles Graff/President**
                                                  Signer/Title

Anderson Pest Solutions
2818 Centre Cir
Downers Grove, IL 60515

Andrew H. Eres
Dickinson Wright PLLC/Wintrust BK
55 West Monroe, Suite 1200
Chicago, IL 60603

Associated Bank
Receivables Control Corp.
7373 Kirkwood Court
Osseo, MN 55369

Biehl & Biehl, Inc.
PO Box 87410
Carol Stream, IL 60188-7410

C&G Venture Holdings, LLC
5984 Bighorn
#132
Eden, UT 84310

Charles and Monica Graff
5984 Bighorn Parkway #132
Salt Lake City, UT 84130

Charles Graff
5984 Bighorn Parkway #132
Salt Lake City, UT 84130

Crosstown Fitness 3
3406 N. Lincoln Avenue
Chicago, IL 60657

Crosstown Fitness-1027 W. Madison
1031 W. Madison Street
Chicago, IL 60607

Crosstwn Fitness 2
3600 N. Halsted Street
Chicago, IL 60613

CTF Chicago, Inc.
3406 N. Lincoln Avenue
Chicago, IL 60657


GB Collects, LLC
1253 Haddonfield Berlin Rd.
Voorhees, NJ 08043-4847


Holden Madison, LLC
7 Penn Plaza-Suuite 1100
New York, NY 10001


L&C Venture Concepts, LLC
5984 Bighorn Parkway #132
Eden, UT 84310


SCP Merchandising, LLC
1020 Olmpic Drive
Batavia, IL 60510


U.S. Small Business Administration
2 North 20th Street
Suite 320
Birmingham, AL 35203


Wintrust Bank
231 S. LaSalle
Chicago, IL 60603

# United States Bankruptcy Court
### Northern District of Illinois

In re    **C&G Venture Concepts, Inc.**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **C&G Venture Concepts, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**October 18, 2024**

Date

**/s/ Richard G. Larsen**

**Richard G. Larsen**

Signature of Attorney or Litigant

Counsel for   **C&G Venture Concepts, Inc.**

**SpringerLarsen, LLC**
**300 S. County Farm Road**
**Suite G**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**
**rlarsen@springerbrown.com**